IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MASHA CHENARI, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. TJS-23-1649 |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Sever and Transfer Venue and for Extension of Time ("Motion") (ECF No. 13) filed by Defendants United States Citizenship and Immigration Services ("USCIS") and its director Ur M. Jaddou, in her official capacity ("Defendants").[1] Having considered the submissions of the parties (ECF Nos. 13, 16 & 17), the Court finds that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.   Background**

On June 20, 2023, Plaintiffs, nine citizens from Iran, Egypt, and Nigeria, filed their Complaint against Defendants.[2] ECF No. 1. Each Plaintiff filed an Application for Asylum and for Withholding of Removal (Form I-589), which they submitted to USCIS at various dates

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 12.

[2] Plaintiffs titled the pleading "First Amended Complaint," but this appears to be an error because the Complaint has not been amended. This oversight has since been corrected. ECF No. 6.

1

between 2014 and 2019. *Id.* at 2. Plaintiffs seek an order compelling Defendants to schedule an interview for each Plaintiff or adjudicate their Form I-589. *Id.*

Defendants have moved to sever each individual Plaintiff's case and have it transferred to the federal district court covering the USCIS asylum office where the Plaintiff's asylum application is currently pending or being processed, or to the forum where the individual resides. There are eleven total USCIS asylum offices in the country, each covering several states.[3] Three of the Plaintiffs—Samuel Tanko Shaba, Ahmad Zamani, and Seyedeh Tahmineh—reside in Maryland and their cases will remain in this Court.[4] The other six Plaintiffs—Masha Chenari, Hashemi Khoush Hamidrez, Wessam Metwaly, Ava Ghayoumi, Ali Yousefi, and Reza Solatidalaki—do not reside in Maryland and their asylum applications will not be processed in Maryland. *See* ECF Nos. 16 at 3 & 17 at 6. The Court will refer to these six Plaintiffs as the "non-resident Plaintiffs."

## II. Discussion

### A. Transfer

A civil action brought against an officer or employee of the United States may "be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in this action." 28 U.S.C. § 1391(e)(1). USCIS is headquartered in Maryland and thus "resides" here. USCIS's location in Maryland is the only basis for venue in this district for the non-resident Plaintiffs. No substantial part of the events or omissions giving rise to

---

[3] Asylum Application Processing, https://www.dhs.gov/sites/default/files/2023-08/23_0717_uscis_asylum_application_processing.pdf (last visited Jan. 16, 2024).
[4] Defendants' request to transfer Plaintiffs' claims only applies to the six Plaintiffs who do not reside in Maryland. ECF No. 17 at 3.

Plaintiffs' claims occurred in this district. Since no real property is involved, the non-resident Plaintiffs could have filed this suit in the district where they reside, but they did not do so.

A district court may transfer an action "to any other district or division where it might have been brought" for the convenience of parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). "Even if venue is facially proper, . . . a transfer can be granted." *Karaoglu v. United States Dep't of Homeland Sec.*, No. DKC-23-749, 2023 WL 4627277, at *2 (D. Md. July 19, 2023). The burden is on the moving party to show by a preponderance of evidence that transfer is warranted under § 1404(a). *Kontoulas v. A.H. Robins Co.*, 745 F.2d 312 (4th Cir. 1984); *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002). "The moving party bears the burden to establish both (1) that the plaintiff could have brought the action in the proposed transferee court and (2) that the action should have been brought there." *Manne v. Jaddou*, No. PJM-21-1092, 2022 WL 102853, at *6 (D. Md. Jan. 11, 2022) (citing *Kontoulas*, 745 F.2d at 312).

A district court has broad discretion to determine whether transfer is appropriate and considers: "1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties, and 4) the interest of justice." *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994).

    **1.    Plaintiff's Choice of Forum**

Courts typically afford a significant amount of deference to a plaintiff's choice of forum. *U.S. ex rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 774 (D. Md. 2017). But where "none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy," the plaintiff's choice is given little weight. *Dicken*, 862 F. Supp. at 92-93. "The deference to a plaintiff's choice is also lower when a plaintiff chooses

3

to bring suit in a foreign forum as opposed to his or her home jurisdiction." *Salomon*, 268 F. Supp. 3d at 775. In this case, all but three Plaintiffs reside outside of Maryland. ECF No. 16 at 3. The non-resident Plaintiffs have no connection to this forum other than that USCIS is headquartered in this district. And the non-resident Plaintiffs' applications are being processed at four of the eleven asylum offices across the country, none of which are in Maryland. ECF No. 13 at 19. Therefore, any act or omission resulting from an asylum office's procedures that may affect the non-resident Plaintiffs' applications cannot logically have occurred in this district. *See Chakrabarti v. United States Citizenship & Immigr. Servs.*, No. PJM-21-1945, 2021 WL 4458899, at *4 (D. Md. Sept. 29, 2021). This factor weighs in favor of transfer.

### 2. Witness Convenience and Access

Witness convenience is another important factor, and motions to transfer are generally granted where "the defendant has shown that most of its key witnesses are residents of another district." *Salomon*, 268 F. Supp. 3d at 775 (citing *Cronos Containers, Ltd. V. Amazon Lines, Ltd.*, 121 F.Supp.2d 461, 465 (D. Md. 2000)). In cases seeking the review of agency action, the location of witnesses is not a significant factor, but the location of the administrative record carries some weight. *Chakrabarti*, 2021 WL 4458899, at *4. And although witness testimony is not ordinarily relevant under the Administrative Procedure Act, the Court in *Chakrabarti* noted that the "USCIS personnel who would be most aware of the status of a Plaintiff's application and delays in processing the application are clearly located at the various USCIS service centers and field offices around the country, not at USCIS headquarters in Maryland." *Id.*

Here, the Plaintiffs' applications are being processed at various service centers outside Maryland, including the Plaintiffs' that reside in Maryland, as the asylum office with jurisdiction over Maryland is located in Virginia. ECF No. 13 at 6, 18. The Court rejects Plaintiffs' argument

that the factual considerations surrounding witness convenience are different in the asylum interview process than the visa application process. *See* ECF No. 16 at 6. Plaintiffs argue that determining whether a visa application has been unduly delayed requires information about the applicant's country of origin and the quotas on various visa categories from that country. *Id.* However, in a nearly identical case, where the plaintiffs were seeking to compel asylum application processing, the Court transferred the claims from this district noting that "[n]one of the records or potential witnesses, and none of the active parties, are located here." *Karaoglu*, 2023 WL 4627277, at *3. This factor weighs in favor of transfer.

### 3. Convenience of the Parties

Courts also consider the impact of transfer on the parties. *Dicken*, 862 F. Supp. at 93. This factor is "'chiefly operative' in cases where a plaintiff has chosen a forum away from either party's home." *Manne*, 2022 WL 102853, at *8 (quoting *Dicken*, 862 F. Supp. at 93). Plaintiffs assert that transfer would be inconvenient because they would need to obtain new local counsel and pay additional court fees. ECF No. 16, Ex. 2. While it might be more convenient for the non-resident Plaintiffs' counsel if the case remains in Maryland, the location of counsel does not factor into the analysis. *See Manne*, 2022 WL 102853, at *8 ("No doubt it would be more convenient for Plaintiffs' counsel to keep all the cases here. . . . [T]he location of counsel is not really a factor that even enters into the equation, much less does it tilt the argument as to transfer in Plaintiffs' favor."); *see also Armanno v. Puricle Inc.*, No. WDQ-05-2904, 2006 WL 8456736, at *3 (D. Md. June 1, 2006) (internal citations omitted) ("The location of counsel, however, is not a factor to be assessed in determining whether to transfer a case under § 1404(a) . . . and [plaintiff], as a Florida resident, will be forced to travel a significant distance regardless of whether venue is transferred.").

The Plaintiffs argue that many of them do not live in the same district as the relevant USCIS office. ECF No. 16 at 7. But travel will be necessary regardless of transfer for all of the non-resident Plaintiffs. Even where a plaintiff's home forum is nearby, as is the case for those non-resident Plaintiffs who reside in states neighboring the District of Maryland, transfer is appropriate. *See Bulut v. United States Dep't of Homeland Sec.*, No. PX-23-00995, 2023 WL 5153638, at *1 (D. Md. Aug. 10, 2023) (granting motion to transfer from the District of Maryland to the Eastern District of Virginia where the plaintiff's asylum application was being processed in Arlington, Virginia and the plaintiff resided in Virginia).

Conversely, Plaintiffs argue that Defendants have not shown that they would be inconvenienced by litigating the case in Maryland. ECF No. 16 at 8 (citing *Sierra Club v. Nat'l Marine Fisheries Serv.*, 20-3060-PX, 2021 WL 4704842, at *4 (D. Md. May 24, 2021)). The Court rejects this argument. Because the non-resident Plaintiffs' cases will each be decided as a separate claim, it will be more convenient for Defendants to litigate the non-resident Plaintiffs claims in the forum where the applications are pending. *See Manne*, 2022 WL 102853, at *8 ("Once again, the individualized determinations necessary in each of the cases before the Court can be more conveniently made where the applications are already pending, are being processed, or have been processed."). This factor weighs in favor of transfer.

    **4.**    **Interests of Justice**

The interests of justice factor "is broad, encompassing all the factors beyond Plaintiffs' preferred forum and the convenience of witnesses and parties, allowing the court to take into account several considerations." *Chakrabarti*, 2021 WL 4458899, at *5; *see also Salomon*, 268 F. Supp. 3d 770 at 777. Plaintiffs assert that transferring the claims would "spread[] duplicative cases across the country." ECF No. 16 at 10. Plaintiffs further argue that there is little interest in having

these local controversies decided at home where the law is federal and the impact of a decision will not be widely felt beyond the individual plaintiff. *Id.* at 10-11. Courts routinely grant motions to transfer where a plaintiff's only connection to the forum is the federal agency's headquarters. *See Bulut*, 2023 WL 5153638, at *1; *Manne*, 2022 WL 102853, at *8 (collecting cases). Although USCIS is headquartered in Maryland, "the decision-making process for adjudicating visa applications occurs at USCIS's service centers and field offices throughout the country, not at agency headquarters." *Chakrabarti*, 2021 WL 4458899, at *6.

The Court finds that the federal district courts covering the service center or field office where each of the non-resident Plaintiffs' applications are pending are in the best positions to handle the individualized questions presented in their cases. This will allow Plaintiffs' claims to be resolved expeditiously without overwhelming the resources of this Court. As Judge Messitte explained under similar circumstances:

> Given the thousands – perhaps better said, tens of thousands of visa application cases that might descend upon this District should the Court decide that this particular case belongs here, one or more members of this Court may be required to become full-time reviewers of these visa application cases, an outcome which would obviously derogate from the other important matters the Court must attend to. A country-wide structure to accommodate the multiplicity of potential filings by visa applicants—the service centers and field offices—is already in place. While it may be less convenient for applicants to have to pursue their claims in several forums, involving more time and more cost, overall, this arrangement for adjudication of the sort of claims Plaintiffs ask to have USCIS headquarters handle in Maryland is entirely reasonable.

*Id.* This factor weighs in favor of transfer.

The Court finds that the non-resident Plaintiffs could have brought suit in the district where they reside or in the district where the USCIS offices processing their applications are located. *See* 28 U.S.C. § 1391(e)(1). For each Plaintiff, the relevant USCIS office makes decisions about each application, rendering that office the place where the "acts or omissions" giving rise to Plaintiffs'

claims occurred. 28 U.S.C. § 1391(e)(1)(B); *see also Manne*, 2022 WL 102853, at *6. The Court also finds that non-resident Plaintiffs should have brought their cases in the transferee districts. Defendants' motion to transfer will be granted, and each of the non-resident Plaintiffs' claims will be transferred to federal district court covering the service center or field office where the non-resident Plaintiff's application is currently pending or being processed. *See id.* at 7.

**B.      Severance**

District courts have broad discretion in granting severance of claims under Rule 21. Fed. R. Civ. P. 21; *Chakrabarti*, 2021 WL 4458899, at *6; *Equal Rights Center v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007). "In determining whether severance is proper, courts consider: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." *Equal Rights*, 483 F. Supp. 2d at 489. Claims may be severed if doing so "will serve the ends of justice and further the prompt and efficient disposition of litigation." *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995).

In *Chakrabarti*, the Court severed the plaintiffs' claims, concluding that "the unalterable fact is that their claims involve different documentary proof and different witnesses such that USCIS and multiple other visa applicants would be prejudiced if Plaintiffs' claims are not severed." *Chakrabarti*, 2021 WL 4458899, at *7. Here too, Plaintiffs' claims are based upon individualized facts. Although Plaintiffs' claims all relate to delay in the asylum process, the circumstances are individual to each. Moreover, several of the Plaintiffs' applications have already advanced in the petition process. *See* ECF No. 17 at Exs. 4, 5 (notices scheduling interviews for

Plaintiffs Seyedeh Tahmineh, Mousavi Vapoori, and Ahmad Zamani). Finally, the Court's conclusion in favor of transfer supports severance given that Plaintiffs' claims will be proceeding in multiple districts.

### C. Extension

Defendants also request an extension of time to respond to Plaintiffs' claims once they have been severed and, where appropriate, transferred. ECF No. 13 at 18. They request an additional 60 days to respond to claims transferred outside of this district and an additional 30 days to respond to claims that remain in this district. *Id.* Plaintiffs oppose the extension but do not state their reasoning. Considering Defendants' need to respond to the non-resident Plaintiffs' individualized claims once they are transferred, and in the absence of a particularized argument opposing an extension, the Court sees no reason to deny Defendants' request for an extension of time to answer. Accordingly, the Court will grant Defendants an extension of 60 days to respond to the non-resident Plaintiffs' claims and 30 days to respond to the Plaintiffs' claims that will remain in this Court.

## III. Conclusion

The Court is sympathetic to the alleged delays in Plaintiffs' asylum petitions. But the District of Maryland is not a suitable forum to adjudicate the non-resident Plaintiffs' claims.

For the reasons set forth above, Defendants' Motion (ECF No. 13) is **GRANTED.** Each of the Plaintiffs' claims will be **SEVERED** into a separate action. Plaintiffs Samuel Tanko Shaba, Ahmad Zamani, and Seyedeh Tahmineh's claims will remain in this Court. Defendants shall file answers or other responsive pleadings to these complaints within 30 days from the date of this Memorandum Opinion and its accompanying Order

Within 14 days of the date of this Order, Defendants shall file a notice on CM/ECF identifying the federal district court covering the service center or field office where each of the non-resident Plaintiffs' applications are currently pending or being processed. Thereafter, the Court will enter an order transferring the non-resident Plaintiffs' claims to those courts, and Defendants will have 60 days from the date of the transfer order to file answers or other responsive pleadings to the non-resident Plaintiffs' complaints.

Date: March 1, 2024                                   /s/
                                              Timothy J. Sullivan
                                              Chief United States Magistrate Judge